MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL CORPORATIONS, § 864*—*when evidence insufficient to sustain judgment for violation of ordinance.* On a prosecution for violation of a city ordinance, in which the defendant was fined for making a disturbance and committing an assault, where there was no testimony to support the charge except that of the complaining witness, a woman, and she was flatly contradicted by the defendant, and the physical circumstances seemingly favored the defendant, and nothing in the record indicated that the parties were not of equal credibility, and where several business men of prominence had testified in support of the character of the defendant, *held* that the city had failed to establish the charges by a preponderance of the evidence.

---

## Sydney Walker, Defendant in Error, v. Charles Hilland, Plaintiff in Error.

### Gen. No. 22,260.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed on remittitur. Opinion filed April 10, 1917.

## Statement of the Case.

Action by Sydney Walker, plaintiff, against Charles Hilland, defendant, to recover damages for injury to plaintiff's automobile due to a collision with defendant's automobile. From a judgment for plaintiff for $298.31, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. A. BLOOMINGSTON, for plaintiff in error.

CHARLES B. OBERMEYER, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to sustain judgment for plaintiff in action for damages for collision between automobiles.* In an action to recover damages for injuries to the plaintiff's automobile sustained in a collision with an automobile of the defendant, where such collision occurred near a street intersection, and the defendant reached the intersection first and had the right of way in the usual course of driving, and the plaintiff claimed that he was forced to the curb by the defendant's wrongfully taking a short cut, *held* that under the conflicting evidence the judgment in favor of plaintiff should not be disturbed.

2. APPEAL AND ERROR, § 1659*—*when judgment sustained upon remittitur.* Where in an action for damages for injuries to an automobile the testimony as to damages appeared unsatisfactory, but it also appeared that the court could ascertain from competent evidence what was the reasonable cost of necessary repairs, *held* that upon remittitur of the amount of certain items, the judgment for plaintiff should be sustained.

---

### Cora B. Hirtzel, Defendant in Error, v. Annie Ball, Plaintiff in Error.

### Gen. No. 22,286.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed on remittitur. Opinion filed April 10, 1917. Rehearing denied May 10, 1917.

### Statement of the Case.

Action by Cora B. Hirtzel, plaintiff, against Annie Ball, defendant, to recover for the value of services

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.